ROTHSCHILD et al. v. GOLDMAN et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

TRIAL—SUIT TO CONSTRUE WILL—AMENDMENT—STRIKING OUT PARTIES—TRUSTS —RESIGNATION OF TRUSTEE.

 Testator devised certain property to trustees, to be held in trust for certain charitable purposes, and they were made parties to a suit by the executors for the construction of the will. Thereafter the trustees renounced the trust, and their resignation was accepted by the court, and they then filed a motion to amend the pleadings by striking their names therefrom. *Held*, that it was error to grant such motion, either at common law, or under Code Civ. Proc. § 723, allowing the court to amend a pleading by striking out the name of a party, since the effect of the resignation of the trustees to devest their rights in the property was doubtful, and the executors were entitled to have such rights determined.

Appeal from special term, New York county.

Suit by Jacob Rothschild and others, as executors, etc., of Simon Goldenberg, against Julius Goldman and another, for the construction of a will. From an order amending the pleadings by striking out the names of certain defendants, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

John J. Crawford, for appellants.
Jacob Steinhardt, for respondents Goldman and Platzek.
G. D. B. Hasbrouck, for the attorney general.

RUMSEY, J. This action was brought by the executors of Simon Goldenberg to procure a construction of his will, and particularly of a certain paragraph by which the rest, residue, and remainder of the estate was given to certain persons, of whom the respondents are two, to create some charitable or educational institution in the city of New York. The two appellants to whom this portion of the estate of the testator was devised answered in the action, setting up various defenses, which it is not necessary to consider here, but insisting upon the validity of the clause of the will the construction of which is sought. After these answers had been served, for some reason these two gentlemen saw fit to renounce the trust vested in them by that clause of the will; and thereupon they filed a petition with the court, asking that their resignations might be accepted, which was done. They then moved, upon notice, for an order amending the summons and all the pleadings by striking out their names. This motion was granted, and from the order thereupon entered this appeal is taken.

When this action was begun these two appellants had title, either individually or as trustees, to the residuary estate, under Simon Goldenberg's will; and their presence as parties plaintiff or defendant was absolutely necessary for a determination of their rights, and to warrant the action of the court in establishing the trust under section 93 of the real property law. Whether the effect of their renunciation and resignation was to deprive them of the title which had vested in them, in the absence of an adjudication of the court as to the nature of that title, is a very serious question. It surely was one which the plaintiffs had a right to have determined by this court. If these persons were not parties to the action, they were, of course, not bound by any judgment which might be entered; and if their resignation was invalid, and they still retained some right because they were named as devisees under the residuary clause of the will, it is very clear that any determination which might be made would be burdened with the uncertainty which would always exist until they had been brought in as parties and their rights adjudicated. Their renunciation, therefore, did not make it any the less important that they should be parties to the action. As they were properly served and had answered in the action, we are not aware of any rule of law which would enable the court to strike their names out as parties defendant in the action. It is quite true that section 723 of the Code of Civil Procedure gives the court power, in a proper case, to amend a pleading by striking out the name of a party, but that is not to be done when that action puts it out of the power of an adverse party to the action to have an adjudication of the rights of the one whose name is stricken out. It is not necessary to consider the circumstances under which it would be proper to strike out the names of persons as defendants under that section of the Code. It is sufficient to say that if at the beginning of the suit the person in question is a proper defendant, whose rights or claims should be determined in the action, he cannot be stricken out upon a mere motion, against the consent of him who has brought him into court to have those rights fixed.

For these reasons the order appealed from must be reversed, with $10 costs and disbursements, and the motion to strike out the names of these parties denied, with $10 costs.   All concur.